UNITED STATE BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
_____

| | | |
|---|---|---|
| IN RE: | * | |
| FRED L. PARRISH, | * | CASE NO. 09-20401 |
| Debtor | | |
| _____ | * | CHAPTER 7 |
| CAROLYN HENRY | * | |
| Plaintiff, | | |
| vs | * | Adv. Proc. No. _____ |
| FRED L. PARRISH | * | |
| Defendant. | | |

_____

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
_____

Plaintiff, Carolyn Henry, files her Complaint to determine the dischargeability of particular debts owed by Defendant, Fred L. Parrish, under 11 U.S.C. §523(c)(I) and Federal Rule of Bankruptcy Procedure 4007.

Jurisdiction

1.Count I of this adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(I), relating to the bankruptcy case currently pending under the caption of In Re: Fred L. Parrish, Debtor, case number 09-20401, filed under Chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(a).

Parties

2.Plaintiff brings this action as a creditor of Defendant arising from Defendant's activities in Tennessee that Plaintiff alleges that Defendant dissipated, misapplied and converted proceeds of certain loans intended for use in buying and rehabilitating certain real property.

3.Defendant is an individual debtor seeking discharge of the debts upon which

Plaintiff claims he is liable to Plaintiff. Defendant resides at 4603 Cantor Gait Lane, Collierville, Tennessee. Plaintiff is a resident of the State of Georgia.

### Facts

4. At all times relevant to the allegations of this Complaint, Defendant was engaged in home rehabilitation, buying and reselling.

5. That Plaintiff developed a business relationship with Defendant whereby Plaintiff would lend money to Defendant. Defendant would use said money to buy and rehabilitate real property, sell said property and repay Plaintiff.

6. That on June 4, 2001 Defendant executed a Promissory Note in the sum of $20,000.00. That Defendant has made interest payments on said note. However, the full note is due and owing together with interest at a rate of 15% per annum, from January 2008, attorney fees and costs. (copy of note attached as exhibit 1) That said note provides that the proceeds are due upon the sale or transfer of the subject property. Said money has not been repaid after demand.

7. That on August 31, 2004 Plaintiff did lend to Defendant the sum of $44,000. That Defendant did repay certain sums, however, a balance of $44,000.00 together with interest from January 1, 2008 at a rate of 15% per annum is due and owing together with attorney fees and costs. (copy of note attached as exhibit 2). That said note provides that the proceeds are due upon the sale or transfer of the subject property. Said money has not been repaid after demand.

8. That on March 9, 2005 Plaintiff did lend to Defendant the sum of $45,000. That a balance of $45,000.00 together with interest from March 9, 2005 at a rate of 15% per annum is due and owing together with attorney fees and costs. (copy of note attached as exhibit 3) That

said note provides that the proceeds are due upon the sale or transfer of the subject property. Said money has not been repaid after demand.

9. That upon information and belief, Defendant either failed to repay said money under the terms of the subject notes, misappropriated said proceeds for his personal use or otherwise dissipated or converted said money. Further, that property set forth on the attached notes was transferred or encumbered in construction of the terms of said notes.

10. That Defendant attempted to mitigate and conceal his actions subsequent to his misappropriation of proceeds by providing to Plaintiff alternative security which proved to be essentially worthless.

11. That the total amount of principle due under all three notes is $109,000.00. That the total amount of interest due under all three notes as of November 1, 2008 is $37,647.10 and continues to accrue.

## Counts

12. Plaintiff re-alleges and incorporates by reference the allegations set for in numbered paragraphs 4 through 11.

13. Through the misrepresentations and actions described I this Complaint, Defendant obtained and retained money from Plaintiff identified in false representations and false pretenses which render the debt non-dischargeable pursuant to 11 U.S. C §523(a)(2)(A) and §523(a)(4).

## Relief Sought

14. Plaintiff requests that the Court enter judgment ordering that Defendant's debts owed to the Plaintiff are non-dischargeable and excepted from any discharge Defendant might otherwise receive in the bankruptcy case related to this action.

15. Plaintiff requests that the Court enter judgment ordering that:

      a.      Defendant is liable to Plaintiff in the sum of $109,000.00 together with accrued interest, attorney fees and costs.

      b.      For all other further, general or specific relief appropriate in the premises.

/s/ IVAN D. HARRIS, JR.
IVAN D. HARRIS, JR. (BPR 12654)
Attorney for Plaintiff
352 Poplar View Lane East
Collierville, Tennessee 38017
(901) 853-5055

## CERTIFICATE OF SERVICE

I, Ivan D. Harris, Jr., hereby certify that a true and correct copy of the foregoing instrument has been furnished to Norman P. Hagemeyer, Attorney at Law, 6801 Summer Ave., #106, Memphis, TN 38134 via prepaid United States Mail on the 17 day of April, 2009.

/s/ Ivan D. Harris, Jr.
IVAN D. HARRIS, JR.